UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| COREY LEMASTERS,            )<br>                                         )<br>            Petitioner,          )<br>                                         )<br>    v.                                  )       Case No. 1:19-cv-04789-TWP-TAB<br>                                         )<br>WARDEN,                         )<br>                                         )<br>            Respondent.       ) | |

**ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

This matter is before the Court on Petitioner Corey Lemasters' ("Mr. Lemasters") Petition for Writ of Habeas Corpus (Dkt. 1). Mr. Lemasters petitions for a writ of habeas corpus challenging a prison disciplinary sanction imposed in disciplinary case number IYC 18-03-0161. For the reasons explained in this Order, Mr. Lemasters's habeas petition is **denied**.

### I.   OVERVIEW

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

## II.  THE DISCIPLINARY PROCEEDING

On March 19, 2018, Indiana Department of Correction ("IDOC") Investigator A. Taylor wrote a Report of Conduct charging Mr. Lemasters with attempted trafficking, a violation of the IDOC's Adult Disciplinary Code offenses A-111/113.  The Report of Conduct states:

> On 2/27/18 the Office of Investigations and Intelligence reviewed video footage of Cory [sic] Lemasters #267058 in relation to an investigation. Video footage shows that on 2/14/18 at approximately 0454 hours in 11 South, offender Lemasters #267058 is standing by the d-side latrine eating something. Lemasters #267058 can be seen taking a bite of something while he is walking towards Officer Clara Keys #389, who is sitting by the d-side door. Offender Lemasters #267058 hands Keys #389 what is left of the food item and she places it in her mouth and eats it.
>
> Video footage also shows that on 2/19/18 at approximately 0407 hours in 11 South, Officer Keys #389 walks to the d-side inner door and opens it. Officer Keys #389 reaches into her right pocket and pulls out what appears to be a small white article. Officer Keys #389 holds her hand outside of the dormitory, and offender Lemasters #267058 steps out into the hallway and takes the article from her hand. Offender Lemasters #267058 returns inside of the dormitory and Keys #389 closes the door.
>
> Officer C. Keys #389 was interviewed on 2/27/18 by investigators and admitted that offender Lemasters #267058 gave her part of a pickle on 2/14/18. Officer C. Keys #389 also admitted to passing Lemasters #267058 a note on 2/19/18.

(Dkt. 7-1.)

Mr. Lemasters was notified of the charge on March 28, 2018, when he received the Screening Report.  (Dkt. 7-3.)  He pled not guilty to the charge and asked for two witnesses: another offender who would state that it was him on the video (on February 19, 2018) rather than Mr. Lemasters, and Officer Keys to state that she did not hand anything to Mr. Lemasters (on February 4, 2018).  *Id.*  Mr. Lemasters also asked for the video recording of both the February 4 and February 19, 2018 incidents.

Offender Jordan Dietz provided a written statement, stating only that "nothing was handed."  (Dkt. 7-8.)  The disciplinary hearing officer reviewed the video from February 19, 2018, and prepared a report, which was provided to Mr. Lemasters, that stated "I observed you . . . walk

out of the D-Side door with Officer Keyes [sic], then you both walk back in together." (Dkt. 7-7 at 1.)  A report was also prepared describing the video from February 4, 2018, which stated "I observed you . . . walk to the bathroom entrance eating what appeared to be a pickle after throwing away the wrapper you walk back to the door where Officer Keyes [sic] was setting [sic] and hand her what was left of the pickle."  (Dkt. 7-1 at 2.)  Mr. Lemasters was also provided a copy of this report.

A hearing was held on April 13, 2018.  (Dkt. 7-6.)  Mr. Lemasters denied guilt, saying that Officer Keys opened the door for him to talk to another offender, and that she directed him to give her the item he was eating.  *Id.*  Based on Mr. Lemasters' statement, the staff reports, witness statements, and a review of the video evidence, the hearing officer found Mr. Lemasters guilty of attempted trafficking.  The hearing officer recommended sanctions including a 180-day earned-credit-time deprivation and a suspended credit class demotion.  *Id.*  The earned credit time loss was later reduced to 130 days.  *Id.*

Mr. Lemasters appealed to the Facility Head and the IDOC Final Reviewing Authority, where both appeals were denied.  (Dkts. 7-9, 7-10.)  He then brought this Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

### III.   ANALYSIS

Mr. Lemasters presents three grounds for relief in his Petition for a writ of habeas corpus: (1) That the offense was not charged within 24 hours of it becoming known to IDOC, a violation of IDOC policy; (2) IDOC policy was violated when officials from the IDOC facility where these events occurred came to the facility where Mr. Lemasters had been transferred for purposes of conducting the disciplinary hearing; and (3) pursuant to IDOC policy, conviction on this disciplinary offense prohibits restoration of earned credit time.  (Dkt. 1 at 5-6. )  The Respondent

filed a return that argues that two of the three grounds for relief were not contained in Mr. Lemasters' administrative appeals and are therefore procedurally defaulted, and federal habeas corpus relief is not available on the other. (Dkt. 7 at 7.)  Mr. Lemasters did not file a reply to contest the Respondent's arguments.

The Court need not discuss whether Mr. Lemasters' grounds for relief are procedurally barred because none of the three grounds present a cognizable basis for habeas corpus relief.

Habeas corpus relief pursuant to § 2254 is available only on the ground that a prisoner "is being held in violation of federal law or the U.S. Constitution." *Caffey v. Butler*, 802 F.3d 884, 894 (7th Cir. 2015). Prison policies, regulations, or guidelines do not constitute federal law; rather, they are "primarily designed to guide correctional officials in the administration of a prison . . . not . . . to confer rights on inmates." *Sandin v. Conner*, 515 U.S. 472, 481-82 (1995).  Therefore, claims based on prison policy, such as the three grounds for relief here, are not cognizable and do not form a basis for habeas relief. *See Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008) (rejecting challenges to a prison disciplinary proceeding because, "[i]nstead of addressing any potential constitutional defect, all of [the petitioner's] arguments relate to alleged departures from procedures outlined in the prison handbook that have no bearing on his right to due process"); *Rivera v. Davis*, 50 F. App'x 779, 780 (7th Cir. 2002) ("A prison's noncompliance with its internal regulations has no constitutional import—and nothing less warrants habeas corpus review."); *see also Estelle v. McGuire*, 502 U.S. 62, 68 at n.2 (1991) ("[S]tate-law violations provide no basis for federal habeas relief.").  Accordingly, Mr. Lemasters is not entitled to relief on any of his three claims.

Finally, the Court notes that the Respondent re-characterized Mr. Lemasters' second ground for relief as challenging the impartiality of the disciplinary hearing officer. Dkt. 7 at 6. The ground for relief as set forth by Mr. Lemasters is:

> This incident took place at Putnamville Correctional Facility. I was immediately transferred to Plainfield Corr. Facility. Staff members of Putnamville came to Plainfield for my DHB hearing. IDOC policy 02-04-101/page 32/section E.(1) states no staff with any role in a conduct report may serve as a hearing officer.

(Dkt. 1 at 5-6.)

Mr. Lemasters did not elaborate on this claim for relief, and thus has provided no argument that the hearing officer was involved in the investigation of the offense or was related to any such official. *See Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003) (noting hearing officers entitled to a presumption of honesty and integrity absent clear evidence to the contrary). Mr. Lemasters' claim is that the disciplinary officers traveling from Putnamville should not have done so because it violated IDOC policy.

If Mr. Lemasters' claim could be construed as raising the issue of the impartiality of the disciplinary hearing officer, the Court could not grant relief on the claim because it has been procedurally defaulted. A petitioner "must raise [every] issue at each and every level in the state court system[.]" *Lewis v. Sternes*, 390 F.3d 1019, 1025-26 (7th Cir. 2004). The administrative appeal record reflects that the only issue raised by Mr. Lemasters was the timing of the charge. (*See* Dkts. 7-9, 7-10.) None of Mr. Lemasters' grounds for habeas corpus relief assert a cognizable federal ground for relief. Accordingly, the Petition for a Writ of Habeas Corpus challenging prison disciplinary case number IYC 18-03-161 is **denied**.

## IV.     CONCLUSION

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge,

5

disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Lemasters to the relief he seeks. Accordingly, Mr. Lemasters' Petition for a Writ of Habeas Corpus, Dkt. [1], is **DENIED** and this action **DISMISSED with prejudice**. Final judgment consistent with this Order shall now issue.

The Court takes judicial notice from the IDOC public website that Mr. Lemasters' address has changed since the filing of this action. The **Clerk is directed** to update the docket to reflect the Mr. Lemasters' address as shown in the distribution list below, and to send Mr. Lemasters' copy of this Order to that address.

**SO ORDERED.**

Date: 10/6/2020

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Corey Lemasters, #267058
Branchville Correctional Facility
21390 Old State Road 37
Branchville, IN  47514

David Corey
INDIANA ATTORNEY GENERAL'S OFFICE
david.corey@atg.in.gov